Daniel, Judge.
 

 The construction which has been uniformly put on the act of 1777, has been, that the defendant might appeal when convicted on any indictment in the County Court. The act requires, for the benefit of the appellee, that bond and security should be given. If an appeal has been allowed, and the appellant has omitted to give security, it is in the power of the appellee to have the appeal dismissed; but it being for his benefit, he may, if he chooses, waive it. And this waiver may be express or implied. If the waiver is express, as an entry on the record to that effect, the Superior Court will entertain and proceed with the appeal. The appeal bond to be inserted in the transcript of the record, is not a
 
 sine qua non,
 
 to give the appellate Court jurisdiction of the case. The waiver of the bond may be implied by the appellee suffering the cause to go to the jury before any motion made to dismiss.
 
 Ferguson
 
 v.
 
 M‘Carter,
 
 N. C. Term Rep. 107.
 
 Smith and Stanly
 
 v.
 
 Niel and others, 2
 
 Hawks, 14. These cases impliedly overrule the case of
 
 Gibson
 
 v.
 
 Lynch,
 
 1 Murp. 495. In the case now under consideration, the record shows, that the defendant on conviction in the County Court, prayed and obtained an appeal to the Superior Court; and on the transcript of the record being carried into the Superior Court of Randolph, a motion was made to remove the indictment to the Superior Court of Guilford for trial; which motion was granted, and an order made accordingly. The defendant, by force of that order, was carried to Guilford; and at March term, 1837, of that Court, the
 
 Solicitor General
 
 moved the Court to dismiss the appeal, on the ground that no appeal bond had been given. We think that these proceedings in Randolph Superior Court, amount to a waiver of the appeal bond; but it further appears, that the defendant has been in the custody of the sheriff ever since the conviction in the
 
 *239
 
 County Couft. His remaining in custody, would not of itself dispense with the necessity of a bond, if the state had made a motion to dismiss at the proper time. But it is a circumstance, when connected with the submission on behalf of the state in'the Superior Court of Randolph, to the order of removal, which, strengthened the implication of a waiver on behalf of the state, of an appeal bond. The decision made by the judge, on the motion of the solicitor, is, in our opinion, correct. This opinion will be certified to the Superior Court of Law for Guilford county, with directions to proceed on the trial of the indictment.
 

 Pee Cukiam. Judgment affirmed.